[Civ. No. 616. Fourth Appellate District.—December 17, 1931.]

L. L. ALDERMAN, Appellant, v. W. J. McCARDIA, Defendant; EMMA W. HEIL, Respondent.

Forgy, Reinhaus & Forgy for Appellant.

George H. Gobar for Respondent.

BARNARD, P. J.—The defendant Heil leased to the defendant McCardia a ranch situated in the county of Orange, upon which was a dwelling-house. McCardia employed the plaintiff, who is a painter and general contractor, to make certain repairs to this house, which repairs, according to the evidence, were worth $213.45. The bill not being paid, notice of lien was recorded and this action brought against the lessee and the lessor for the purpose of foreclosing a mechanic's lien on the property. At the close of the plaintiff's evidence a nonsuit was granted as to the defendant lessor, and from a subsequent judgment in her favor, this appeal is taken.

It does not appear from the evidence that the respondent had any actual notice of the improvements in question and the only contention raised by the appellant is, that the respondent had constructive notice by reason of the fact that the dwelling-house on the property was in such a state of repair as to make it untenantable, and that she was therefore charged with constructive knowledge that the tenant would make the repairs which were made.

As to the condition of the house, the appellant testified as follows: ''Well, it was dirty and the paper was off and the paint was all scarred and I would say it was in very bad condition. The cloth that was on the boards to hold the paper was rotten and torn and hanging down from the ceiling, not from the ceiling, from the side walls and there was glass broken out and siding loose and cracks where you could see right through and see outdoors, right through where the siding would be loose and the nails were out, and I think there was one board or two boards broken.''

He further testified that he painted all of the interior woodwork, including the floors; put new cloth on the side walls and repapered them; and that this work was worth $185. He also testified that he put new screens on the windows, doors and back porch; that he put on one new side board and nailed some other boards back in place; and that the value of this material and labor was $28.45.

Appellant cites certain cases where a provision in a lease requiring or permitting a tenant to erect improvements upon real property is held to be constructive knowledge on the part of the lessor of the doing of the work, within the meaning of section 1192 of the Code of Civil Procedure. In all of the cases cited, notice of nonresponsibility, as provided for in that section, was not filed. In this case, the answer of the respondent alleges that she had no knowledge of said improvements until January 2, 1929, and sets up a copy of a notice of nonresponsibility which was posted and recorded by her on January 8, 1929. While appellant insists that these allegations in the answer may not be considered on this appeal, in effect, he concedes that this is the situation and states that the only issue to be determined is whether the facts he has presented are such ''as would put a reasonable person owning property on notice that labor would be expended upon his property''.

It is argued that a reasonable person would anticipate that a tenant would have to protect himself against the inclemencies of an approaching winter.

The lease was not introduced in evidence, and there is neither evidence to show that the condition of the house, as testified to by the appellant, existed when the lease was made, nor to show that the respondent knew, or had opportunity to know, of its condition.

A further consideration is that the only protection against the rigors of winter shown by the record to have been included in the work performed, consisted in the nailing on of one new board and the renailing of some others. What the new board cost does not appear but it does appear that the nails and tacks used on the entire job cost twenty cents, and that the appellant charged $4 for these repairs to the outside of the house, including the work of putting on all of the new screens. The trial court was justified in concluding that the redecoration of the house was the real object of the tenant, and that the trivial repairs were incidental thereto, and not of a character to impute to the owner the knowledge that the tenant must and would make repairs in such haste as to preclude the giving of notice and the getting of the landlord's consent. (Civ. Code, sec. 1942.) The appellant testified that he found out that respondent owned the property the next day after the work was begun but he said he could not remember whether he ever attempted to get in touch with her, up until the time his attorney wrote her a letter telling her the lien had been filed. We conclude that the facts here shown are not such as to put this lessor upon notice that these repairs must be, and were being, made.

Conceding, but by no means deciding, that the condition of repair of a dwelling-house could ever constitute constructive knowledge on the part of a lessor of the making of improvements, within the meaning of section 1192 of the Code of Civil Procedure, the showing made here was not sufficient to justify the relief asked for, and the order and judgment of the trial court cannot be reversed.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.